146 So. 884

## HAMMETT v. STATE.

### 8 Div. 643.

Court of Appeals of Alabama.

March 21, 1933.

W. C. Rayburn, of Guntersville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Briefs did not reach the Reporter.

BRICKEN, Presiding Judge.

Appellant was indicted for a violation of the offense denounced by section 4135 of the Code 1923, which provides that any person who, by any false pretense or token, and with the intent to injure or defraud, obtains from another his signature to any written instrument, the false making of which is forgery, must, on conviction, be punished as if he had forged the instrument.

The indictment was in Code form (Form 59, section 4556, Code 1923), which provides that "the instrument (in question) shall be set out as near as may be."

It is provided in section 4556 of the Code that the forms prescribed therein are sufficient and it has been held many times that where an indictment is in Code form it is sufficient. Cases cited in 1 Mayfield Digest of Alabama Decisions, p. 422, §§ 10, 11. The demurrer to the indictment was therefore properly overruled.

The state by its indictment elected to proceed upon the charge that the defendant did falsely pretend to N. J. Pollard with intent to injure and defraud that he had rented 12 or 14 acres of land from C. C. Cobb to be cultivated by him in 1926 and by means of such false pretense obtained from N. J. Pollard his signature to a certain written instrument. The alleged written instrument, complained of, a purported note, is set out in the indictment and contains upon actual count 28 words, not including the signatures. On the trial of the case, in an attempt to prove this material averment, the state was allowed to introduce in evidence a certain written instrument which defendant insisted was not the note described in the instrument and in no manner tended to sustain the indictment, that the variance between the allegations in the indictment as to the written instrument, and the instrument introduced in evidence, was so patent and certain, said instrument

372

was irrelevant, incompetent, illegal, and in this connection duly reserved exceptions to the court's rulings. The insistence of appellant in this connection must be sustained, for the universally recognized rule is, that the allegations and proof must correspond and a material variance is fatal to a conviction. Here, the instrument introduced in evidence was fatally variant to the allegation in the indictment. This instrument not only was a variance in form and substance, containing by actual count 129 words, as against the 28 words in the instrument in the indictment, but it bears date of making, which the instrument set out in the indictment does not contain; it has a stated designated place of payment, and provides that such payment is to be made with certain character of coin, etc; it contains waivers of exemption, and many other provisions and stipulations foreign to the allegation of the indictment; these with other matters of like import rendered it wholly incompetent and foreign to the issues involved, and the erroneous rulings of the court in this connection are conclusive of this appeal. Other questions are presented but not being material to this decision they need not be discussed. For the errors indicated the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.